UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON MISSION VALLEY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MIRANDA et al.,<br><br>    Defendants. | Case No.: 3:17-cv-01566-GPC-JLB<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT AND DISMISSING MOTIONS TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF No. 1, 3-5]** |

On August 4, 2017, Defendants Andres Miranda, Suzette Martinez, and Naomi Ramos ("Defendants"), proceeding *pro se*, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for San Diego County. Based on the reasoning below, the Court *sua sponte* **REMANDS** the action to state court for lack of subject matter jurisdiction.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. It is well-established that a federal court cannot reach the

1

3:17-cv-01566-GPC-JLB

merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1988). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Defendants assert federal question jurisdiction. *See* Notice of Removal ("NTR"), Dkt. No. 1 at 2. For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.

A review of the state court complaint in this case shows that Plaintiff Fenton Mission Valley, LLC ("Plaintiff") alleges a single cause of action for unlawful detainer under California state law. Dkt. No. 1-2 at 2-5. In the notice of removal, Defendants argue that this Court has federal question jurisdiction over the complaint for the following reasons: (1) the unlawful detainer complaint is subject to strict notice requirements; (2) Defendants filed a demurrer to the complaint based on a "3-Day Notice" that failed to comply with Section 1161(2) of the Code of Civil

Procedure; and (3) Defendant's demurrer is a pleading that depends on the "determination of Defendant's rights and Plaintiff's duties under federal." NTR, Dkt. No. 1 at 2.

Defendants' argument fails for two independent reasons. First, the notice requirements referenced in Defendants' demurrer arise under state, not federal, law. The Code of Civil Procedure § 1161(2) is not a federal law. It is a California law that defines and explains what is required to bring an unlawful detainer action. *See* California Code of Civil Procedure § 1161. Accordingly, Defendants have failed to identify a federal law that could form the basis of Defendants' removal to this Court under 28 U.S.C. §§ 1331 and 28 U.S.C. § 1441. Second, even if Defendants had properly argued that Plaintiff violated a federal law, it would not matter because the presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly, Defendants' assertion of federal subject matter jurisdiction is without merit and Plaintiff's state law unlawful detainer claim is not removable.

## CONCLUSION

Based on the above, the Court *sua sponte* **REMANDS** the action to the Superior Court of the State of California for San Diego County. Defendants' pending motions for leave to proceed in forma pauperis, therefore, are denied as moot.

**IT IS SO ORDERED.**

Dated: August 7, 2017

Hon. Gonzalo P. Curiel
United States District Judge

3
3:17-cv-01566-GPC-JLB